UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSÉ MERCADO
_____

_____

 Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HEALTH ("NYC DOHMH"),
NEW YORK CITY DEPARTMENT OF CITYWIDE
ADMINISTRATIVE SERVICES ("NYC DCAS")

_____

 Write the full name of each defendant. The names listed
 above must be identical to those contained in Section I.

Do you want a jury trial?

☒ Yes      ☐ No

**EMPLOYMENT DISCRIMINATION COMPLAINT**

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| JOSÉ | | MERCADO |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 610 WEST 145TH STREET, APT. 6K | | |
|---|---|---|
| Street Address | | |

| NEW YORK | NY | 10031 |
|---|---|---|
| County, City | State | Zip Code |

| 917-936-2909 | MANUEL3000@MYYAHOO.COM |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| THE CITY OF NEW YORK c/o CORPORATION COUNSEL | | |
|---|---|---|
| Name | | |
| 100 CHURCH STREET | | |
| Address where defendant may be served | | |
| NEW YORK | NY | 10007 |
| County, City | State | Zip Code |

Defendant 2:

| NEW YORK CITY - DEPARTMENT OF HEALTH ("NYC DOHMH") | | |
|---|---|---|
| Name | | |
| 42-09 28TH STREET | | |
| Address where defendant may be served | | |
| QUEENS, LONG ISLAND | NY | 11101 |
| County, City | State | Zip Code |

Page 2

Defendant 3:

| DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES | | |
|---|---|---|
| Name | | |
| 1 CENTRE ST, 17TH FLOOR | | |
| Address where defendant may be served | | |
| NEW YORK | NY | 10007 |
| County, City | State | Zip Code |

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

| NEW YORK CITY - DEPARTMENT OF HEALTH ("NYC DOHMH") | | |
|---|---|---|
| Name | | |
| 610 WEST 145TH ST APT. 6K | | |
| Address | | |
| QUEENS, LONG ISLAND CITY | NY | 11101 |
| County, City | State | Zip Code |

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race: _____

☐  color: _____

☐  religion: _____

☒  sex: Violations of the ADA, ADAAA, HIPAA, Title VII, FMLA, NYSHRL, and NYCHRL

☐  national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: 1982 _____

☒ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: 43 year old, gay man living with HIV/AIDS _____

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: 43 year old, gay man living with HIV/AIDS _____

☒ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.   Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☐  terminated my employment

☐  did not promote me

☒  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of similar employees

☒  retaliated against me

☒  harassed me or created a hostile work environment

☒  other (specify):    The employer ignored an internal EEO request to investigatecalls to investigate an pervasive and hostile workplace

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

Please see attached facts and chronology events.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    11/18/2024

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☒    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    09/10/2025

When did you receive the Notice?    09/10/2025

☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☒    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

A. Compensatory damages, B. Emotional distress damages
C. Back pay and front pay, D. Punitive damages where allowed
E. Civil penalties under NY Public Health Law, F. Injunctive relief including confidentiality policy reform, G. Costs and fees
H. Any further relief deemed just and proper

Page 6

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 12/02/2025 | | |
|---|---|---|
| Dated | | Plaintiff's Signature |
| JOSÉ | | MERCADO |
| First Name | Middle Initial | Last Name |
| 610 WEST 145TH STREET, APT. 6K | | |
| Street Address | | |
| NEW YORK | NY | 10031 |
| County, City | State | Zip Code |
| 917-936-2909 | | MANUEL3000@MYYAHOO.COM |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

JOSÉ MERCADO,
Plaintiff,

v.

THE CITY OF NEW YORK,
NEW YORK CITY DEPARTMENT OF HEALTH ("NYC DOHMH"),
NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES ("NYC DCAS"),
Defendant.

Case No.: _____

COMPLAINT AND JURY DEMAND

INTRODUCTION

1.    Plaintiff José Mercado brings this action under the Americans with Disabilities Act ("ADA"), ADA Amendments Act ("ADAAA"), Title VII of the Civil Rights Act, the Family and Medical Leave Act ("FMLA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and New York Public Health Law §§ 2780–2782 concerning HIV confidentiality violations.

2.    Plaintiff is a gay man living with HIV/AIDS, with related disability-based medical needs and documented mental-health conditions.

3.    During his employment with the New York City Department of Health and Mental Hygiene ("DOHMH"), Plaintiff was subjected to discrimination, hostile work environment, retaliation, medical privacy breaches, and ultimately constructive discharge.

4.    Plaintiff seeks damages, declaratory and injunctive relief, and any further relief the Court deems just.

JURISDICTION AND VENUE

5.    This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

6.    Venue is proper in this District because Plaintiff resides in Manhattan and the events giving rise to this action occurred within the Southern District of New York.

PARTIES

7.    Plaintiff José Mercado is a resident of New York County.

8.    Defendant The City of New York, NYC DOHMH, and NYC DCAS are municipal entities and employers under the ADA, Title VII, FMLA, NYSHRL, and NYCHRL.

STATEMENT OF FACTS

Employment Background

9.   Plaintiff began employment with DOHMH on January 6, 2020, as a Recruiter (Community Coordinator).

10.   Plaintiff satisfactorily performed his job duties and was consistently recognized for strong work, leadership, and service to the public.

Protected Status

11.   Plaintiff is a qualified individual with a disability under the ADA and ADAAA due to his HIV-positive status/ AIDS Diagnosis and related medical needs.

12.   Plaintiff is also a gay man, a protected class under Title VII and NYCHRL.

13.   These characteristics were known to supervisors and HR.

Medical Confidentiality Violations

14.   Plaintiff privately disclosed HIV-related medical needs and requested confidential handling of medical documents.

15.   DOHMH employees disclosed Plaintiff's HIV status and protected medical information to supervisors and colleagues without consent, violating:

- ADA confidentiality rules
- NY Public Health Law Article 27-F
- NYCHRL confidentiality protections

16.   Plaintiff was required to submit HIV-related medical notes to individuals who did not need access to his medical information.

17.   Following these disclosures, Plaintiff experienced stigma, stereotyping, and hostile treatment.

Harassment and Hostile Work Environment

18.   Plaintiff's supervisor repeatedly:

- berated him,
- called him derogatory names ("sexist," "ungrateful," "failure," "stalker"),
- isolated him,
- undermined his work,
- retaliated after complaints.

19.   Plaintiff was targeted with offensive, hostile, and demeaning conduct that no reasonable employee would tolerate.

Retaliation

20.   Plaintiff reported harassment and medical confidentiality violations to:

- DOHMH HR,
- agency leadership,
- union representatives,
- the EEO Office.

21.   DOHMH failed to investigate or stop the misconduct.

22.   Retaliation escalated, including negative documentation, exclusion, and hostile conduct after Plaintiff's protected complaints.

Constructive Discharge

23.    By late 2024, Plaintiff's work environment had deteriorated to the point where:

- his physical health worsened,
- his mental health declined,
- he experienced panic, trauma, and severe stress.

24.    On December 21, 2024, Plaintiff was forced to resign — a constructive discharge directly caused by Defendant's unlawful acts.

CAUSES OF ACTION

COUNT I — Disability Discrimination (ADA/ADAAA)

COUNT II — Failure to Accommodate (ADA/ADAAA)

COUNT III — Retaliation (ADA/ADAAA)

COUNT IV — ADA Confidentiality Violations

COUNT V — Sexual Orientation Discrimination (Title VII)

COUNT VI — Retaliation (Title VII)

COUNT VII — FMLA Interference

COUNT VIII — FMLA Retaliation

COUNT IX — NYSHRL Discrimination, Retaliation, Hostile Work Environment

COUNT X — NYCHRL Discrimination, Retaliation, Hostile Work Environment, Confidentiality Violations

COUNT XI — NY Public Health Law §§ 2780–2782 (HIV Confidentiality Violations)

COUNT XII — Constructive Discharge

PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Compensatory damages
B. Emotional distress damages
C. Back pay and front pay
D. Punitive damages where allowed
E. Civil penalties under NY Public Health Law
F. Injunctive relief including confidentiality policy reform
G. Costs and fees
H. Any further relief deemed just and proper

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

DATED: <u>DECEMBER 02, 2025</u>

_____

José Mercado
Plaintiff Pro Se
610 W 145th Street, Apt 6K
New York, NY 10031
(917) 936-2909
jmm682@yahoo.com

**Complaint Section – Five Ws Version**

**Who:**
*   **Claimant:** José Mercado, 43-year-old gay man living with HIV/AIDS and ongoing mental health conditions.
*   **Respondents/Employer:** NYC Department of Health and Mental Hygiene, including:
    *   Heather Badger, Director of Recruitment/Supervisor
    *   Moraima Cruz, Staff Member
    *   William Camacho, Senior Director of Recruitment
    *   Julian Mejia, Sr. Director of HR Analytics and Systems
    *   Linda Raymond, Staff Member
    *   HR and leadership staff

_____

**What:**
I experienced **ongoing harassment, bullying, retaliation, and discrimination**, including:
*   Verbal abuse and public humiliation (e.g., being called "stalker," "ungrateful," and "failure")
*   Forced or coerced disclosure of my HIV status and intrusive questions ("Do you have HIV?")
*   Denial of mediation and refusal to investigate complaints
*   Hostile and unsafe work environment leading to mental and physical health deterioration
*   Obstruction of career advancement and professional growth

These actions created a **toxic and hostile workplace**, directly violating **ADA, HIPAA, Title VII, NYSHRL, and NYCHRL protections**.

_____

**When:**
*   Employment: January 6, 2020 – [Resignation Date]
*   Key incidents:
*   January 2021 – Called "stalker" by Ms. Moraima Cruz
*   January 22, 2024 – Public scolding at a career fair by Ms. Badger
*   January 24, 2024 – Called "sexist" and "ungrateful" by Ms. Badger
*   Feb–June 2024 – Ongoing scolding, belittling, and harassment

———

**Where:**
- NYC Department of Health and Mental Hygiene offices
- Public events and career fairs
- Internal meetings and email communications
- Agency workspaces where supervisors and staff perpetrated harassment

———

**Why:**
I resigned because the **hostile work environment seriously harmed my physical and mental health**, including exacerbation of HIV-related health concerns, severe anxiety, panic attacks, depression, insomnia, and trauma.
- Despite repeated reporting to HR, union representatives, and leadership, no effective intervention occurred.
- The employer's failure to address harassment, retaliation, and discrimination left me **no safe or reasonable alternative but to resign**.
- My was a **constructive discharge**.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Newark Area Office**
283-299 Market St, Suite 1703
Newark, NJ 07102
(862) 338-9410
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/10/2025

**To:** Jose Mercado
New York
NEW YORK, NY 10031
Charge No: 520-2025-01067

EEOC Representative and email:   RURY ARZU
INVESTIGATOR
RURY.ARZU@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2025-01067.

On behalf of the Commission,

For:   RURY ARZU  Digitally signed by RURY ARZU
Date: 2025.09.10 14:21:28 -04'00'

John Waldinger
Area Office Director

**Cc:**
Katrina Porter
NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES
1 Centre St. Fl 19
New York, NY 10007

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2025-01067 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2025-01067 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

CIVIL COVER SHEET (JS-44 SUMMARY)

Plaintiff: José Mercado

Defendant: The City of New York

Basis of Jurisdiction: Federal Question

Cause: ADA, Title VII, FMLA, HIPAA

Nature of Suit: 442 Employment Civil Rights

Jury Demand: Yes

SUMMONS IN A CIVIL ACTION

TO: THE CITY OF NEW YORK

c/o Corporation Counsel

100 Church Street
New York, NY 10007

You must respond within 21 days after service.